DOMINGO GILORMINI, Plaintiff and Appellant, *v.* NICOLÁS LORENZO, Defendant and Appellee.

No. 5662. Argued December 8, 1932.—Decided March 28, 1933.

*Victor M. Pons* for appellant. *C. Domínguez Rubio* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

In this action, brought by Domingo Gilormini against Nicolás Lorenzo, it was alleged that on April 27, 1929, the plain-

tiff and the defendant entered into a verbal contract in the city of Guayama, whereby the latter sold to the former his entire crop of bay leaves, which the defendant estimated at about 500 hundredweight, at a price of $2.12 per hundredweight, and which he undertook to deliver in weekly shipments. It was also alleged that the defendant delivered to the purchaser the first shipment of 30 bags of bay leaves, and that later he went to the plaintiff's factory to inform him that he would be unable to deliver any more bay leaves, as he had sold all he had to the Guamaní factory. The plaintiff wrote a letter to the defendant demanding performance of the contract but the defendant failed to answer the same. The plaintiff further alleged that after the contract had been violated, the defendant delivered, on May 16, 1929, another shipment of 14 bags of bay leaves which the plaintiff left for his account until the defendant should give a satisfactory explanation for having failed to comply with his part of the contract, and that the plaintiff wrote a certified letter to the defendant which was returned to him by the postal authorities. Later the defendant sent for the said 14 bags of bay leaves. A second cause of action was set up claiming damages which the plaintiff alleged to have suffered by reason of Mr. Lorenzo's breach of the contract.

The defendant answered and made a general denial of the facts alleged in the complaint.

The evidence introduced in this case is abundant and varied. The action taken is based on a verbal contract alleged to have been made by the plaintiff and the defendant in the presence of three persons who, according to the plaintiff, were working for him at the time the contract was made. The evidence is conflicting. The lower court gave no credence to the evidence of the plaintiff, but believed that of the defendant. There is involved simply a question of fact passed upon by the trial court. The questions of law raised

are predicated on the claim that the court erred in the admission of the evidence, and that it acted with passion, prejudice, and bias, and committed manifest error.

From the findings of the court it is clear that, even if it had disregarded the evidence alleged to have been erroneously admitted, it would have reached the same conclusion. The plaintiff and his three witnesses, Dionisio Figueroa, Jesús Mauras, and Juan Castoire, testified that the defendant was in the bay-leaf perfume factory of Domingo Gilormini in order to offer his leaves for sale, and that he agreed to sell them in the manner alleged in the complaint. In regard to those witnesses the lower court says:

"The court has not been convinced by the testimony given that such a thing happened in the form and manner alleged in the complaint. Those witnesses incurred in important contradictions, some remembered insignificant details; and others could not give a reasonable and logical explanation of certain details; some fixed dates for the events with exact precision while others could not establish other details which were perhaps more important in their lives than those relating to the supposed contract."

The court goes on to discuss the testimony of these witnesses, to whom, as appears from its conclusions, it did not give any credence whatever. These are the plaintiff's witnesses, who are said to have been present when the contract was made. In reference to the testimony of the defendant, Lorenzo, the lower court says:

"Mr. Lorenzo's statements, which we believe to be logical and reasonable, explaining the transaction that he made regarding the bay leaves and how, why, and where he made it, have convinced us that his testimony is entitled to full credit and that it is of the sort which, although it may be contradicted, so imprints its certitude on the judge's mind, that it can hardly be destroyed or erased by other testimony. This witness, in the opinion of the court, is in the category referred to by the Supreme Court in the case of *Lausell* v. *R. R.* . . . "

The lower court states that the evidence has not convinced it of the existence of the contract, and concludes by saying that the plaintiff has not proved his case. The weighing of the evidence by the trial court should not be changed, altered, or modified by this appellate court without justifiable reasons. Nor would it be an easy task for us to formulate our judgment independently from that of the trial court. We believe that that court was justified in holding that the plaintiff had not proved his allegations. The court *a quo* did not believe, and very wisely so in our opinion, the persons who testified as witnesses to the alleged contract, because, as may be inferred from their testimony, these persons do not give the impression that they are telling the truth. Mr. Gilormini's testimony independently considered, does not produce that effect; but considering the evidence as a whole, we are not surprised that it engendered doubt in the mind of the judge. The evidence is confusing and uncertain, and, far from elucidating the facts, it tends rather to obscure them. It is very difficult to sift the truth from an examination of the record and from an analysis of the evidence introduced by the parties. The judgment appealed from states that the contract has not been proved. The lower court did not believe the witnesses said to have been present at the alleged transaction. Their testimony, which was given no credence, was introduced by the plaintiff himself. The lower court, in the face of this evidence which was contradicted by that of the defendant, rendered its judgment which we accept, because it is incumbent on said court to weigh the evidence, and because we also believe its conclusion that the plaintiff has not proved his allegations to be justified. As to the pronouncement of costs, it is our opinion that each party should pay its own costs, and that the judgment of the lower court should be modified in this respect, and said judgment affirmed, without any special imposition of costs.